Bissell, J.,
delivered the opinion of the court.
In March, 1888, the railroad company constructed its line along Elm street in the city of Trinidad, in front of the premises owned and occupied by the appellee Richards. Within a few months of that time Richards brought this action against the railroad company to recover the damages resulting from the building and operation of the road. On the trial a good deal of evidence, was introduced by both sides in support of their respective contentions. The jury rendered-a verdict against the company for $300, to which exception was taken, and the case was brought to the supreme court - by appeal and subsequently transferred to this tribunal.
*88 Two propositions only are urged and discussed as errors by the appellant. The company contends that the stipulation concerning the ownership of the property, which was the only evidence on that matter submitted to the jury, did not sustain the allegation that the plaintiff was the owner of the property at the time the road was constructed and the damages accrued. There is very little force in this position. The stipulation is “ that the plaintiff is the owner of the property as stated in the complaint.” That pleading avers that at the dates stated therein Richards was the owner in fee, and in possession of the premises; it alleges the time the road was built; the period of its operation, and when the damage was done of which the plaintiff complained. In the absence of any testimony which tended to controvert the concession of the stipulation, it must be held that the proof as to ownership is sufficient to sustain the verdict and judgment.
The other point relied on is, that the'damages were excessive. The testimony offered on this subject, as is true in most all cases of this description, placed the injuries at all points from nothing to 11,500. The jury viewed the premises, and for themselves could judge what harm had been received by the owner of the property. It is not so evident from the testimony in the case that the jury did not fairly consider and impartially determine the question of damages as to call for the interference of this court. It may be conceded, according to the argument of counsel, that there is a very strong prejudice always present in the jury box whenever actions of this description against a railroad company are submitted to them for determination. Even though this might be true, the proposition is not one which will justify action by the court. If juries do not form ideal tribunals for the settlement of such controversies, the remedy is with the body of the law makers, of which the judiciary form no constituent part.
There is no suggestion of error which either calls for extended analysis, or would justify the disturbance of this judgment, and it will accordingly be affirmed.

Affirmed.